RUEDY'S, INC., APPELLANT, V. NATIONAL NAMPEL, INC., APPELLEE.

2 N. W. (2d) 13

FILED JANUARY 16, 1942.   No. 31247.

*Fred N. Hellner,* for appellant.

*Morsman & Maxwell, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action by Ruedy's, Inc., a corporation, plaintiff and appellant, against National Nampel, Inc., a corporation, defendant and appellee. The action is for $1,000, claimed by plaintiff to be due under the terms of an assign-

ment of a lease. From a judgment rendered in favor of the defendant at the conclusion of all of the evidence, after motion of the defendant for a directed verdict or in the alternative that the jury be discharged and the action dismissed, the plaintiff has appealed.

A summary of the pertinent facts are as follows: On June 13, 1935, the plaintiff entered into a sublease with Virginia Dare Stores, Inc., of New York, lessee of premises at 214-216 South Sixteenth street, Omaha, Nebraska, the term of which sublease began July 1, 1935, and ended three years thereafter. It contained an option for renewal from year to year thereafter to June 30, 1940. It also contained a provision for assignment with written consent of the sublessor. The sublease permitted plaintiff to occupy part of the premises at this location and therein to conduct a millinery department. The business of the sublessor was conducted under the name of "Virginia Dare." Subsequently on February 25, 1937, with written consent of the lessee of the premises, the sublease was assigned to the defendant for an immediate consideration of $1,500 which was paid. The assignment contained the following provision: "It is further understood and agreed that if the Virginia Dare Stores, Inc. extend or grant to National Nampel, Inc. the right to operate said departments up and to June 30th, 1940, then within thirty (30) days from the granting of said extension, National Nampel, Inc. agrees to pay to Ruedy's, Inc. the further and additional sum of one thousand dollars ($1,000.00) in cash."

In its petition the plaintiff set forth these facts and further that extension was granted to June 30, 1940, but that the defendant failed to pay the $1,000. It prayed judgment for this sum of money with interest. The answer was a general denial.

On the issues presented by the pleadings the case was tried. Each party adduced its evidence in regular order, at the conclusion of which both parties rested, whereupon the alternative motion for directed verdict or dismissal was made. This motion was not joined in by the plaintiff.

Among the errors assigned is one that the court improperly sustained the motion and at least should have submitted the case to the jury, and that properly a judgment should have been rendered in favor of plaintiff.

From an examination of the evidence and the exhibits in the bill of exceptions, the contention of the plaintiff as to the claimed error in sustaining defendant's motion appears to be clearly correct. As to the question of failure to render judgment in favor of plaintiff, this is correct in principle, but no application for this relief was made by plaintiff.

The record shows that the lease from Virginia Dare Stores, Inc., to Ruedy's, Inc., by its terms expired on June 30, 1938, except as to the provisions for extension or renewal from year to year. These provisions were absolute and not subject to defeat in so far as Ruedy's, Inc., was concerned by Virginia Dare Stores, Inc., but were subject to defeat only by action of the owner of the premises by failure to extend the lease of Virginia Dare Stores, Inc. There is no evidence or suggestion that the tenancy of defendant was in any wise interfered with until about February 1, 1940. Obviously then the defendant remained in the premises under the terms of the extension agreement for the year beginning July 1, 1938, and ending June 30, 1939. Equally obviously it remained thereafter under the terms of the same agreement on an extension which did not expire until June 30, 1940. It is to this date that the provision relative to the payment of $1,000 by defendant to plaintiff refers.

The defendant having exercised its option as evidenced by its acts and the performance of the terms of the lease on and after July 1, 1939, and the Virginia Dare Stores, Inc., having recognized and by its acts accepted the exercise of the option by the defendant, the defendant became and was a tenant for one year, which year began on July 1, 1939, and ended on June 30, 1940. So it is that from July 1, 1939, the defendant actually did have an extension of its lease to the premises involved here to June 30, 1940, within the terms and meaning of the extension agreement

contained in the assignment from plaintiff to defendant, and in consequence 30 days after July 1, 1939, the plaintiff was entitled to receive from defendant the sum of $1,000.

There is evidence in the record to the effect that from about February 1, 1940, to March 13, 1940, the enjoyment of use and occupancy under the lease was interfered with or prevented, but this can avail nothing here. It is nowhere contended or suggested that the leasehold was terminated, but only that the use thereunder, by reason of financial difficulties of Virginia Dare Stores, Inc., was prevented or interfered with for a period of about six weeks.

Again it can make no difference that the defendant found it advantageous or even necessary to the continuance of its business to enter into a new lease for a term overlapping the term of the old lease by a few months, as was done on February 27, 1940, with a successor to Virginia Dare Stores, Inc. This was not necessary to a retention of the existence of the old leasehold.

Plainly on the pleadings and the facts as they appear in the record the plaintiff was entitled to judgment as prayed.

The plaintiff not having moved for judgment in its favor on the trial of the case in the district court, the judgment is reversed and the cause remanded for a new trial, with directions to proceed in accordance with this opinion.

REVERSED.